Wheeler, J.,
dissenting. The Constitution, (art. 4, sec. 10,) in prescribing the jurisdiction of the District Courts, says: “The said courts or the judges thereof shall have power to issue all writs necessary to enforce their own jurisdiction and to give them a general superintendence and control over inferior jurisdictions.”
This clause of the Constitution, in my judgment, invests the District Court with appellate jurisdiction in respect to the courts of justices of the peace and all others which sustain to the District Court the relation of inferior jurisdictions. The power of “general superintendence and control” necessarily presupposes and implies the power to revise, and the power to revise is appellate jurisdiction.
I do not doubt, therefore, that the District Court, is invested with appellate powers or jurisdiction over inferior tribunals. But the powers of a court or its jurisdiction, and the means of the exercise of those powers or of acquiring jurisdiction of a particular case, are distinct subjects; and although the Constitution has authorized the District Court to exercise its jurisdiction by means of writs, I do not think that provision exclusive in its character or intended to operate as a restriction upon the power of the Legislature to enable that court to acquire cognizance of causes in another mode or by the ordinary one of appeal. If the District Court possesses general appellate powers over inferior jurisdictions, as I think it clearly does, I cannot doubt that it is competent for the Legislature to provide the means and manner of its exercise. I cannot think the designation of one mode in the Constitution could have been intended to be exclusive of the power of the Legislature to prescribe another or alternative mode. I therefore cannot concur in the opinion that the law giving an appeal from a Justice’s Court to the District Court is unconstitutional. '
Not deeming it of any utility, however, now to discuss the question, I content myself with this mere statement of my opinion. But 1 may be permitted to add, that if it be true that the District Court does not possess an appellate jurisdiction over justices of the peace, it follows as a necessary consequence that it cannot revise or re-examine their proceedings when brought before it ,by the writ of certiorari or in any other manner, for to revise of re-examine what has been decided in the courts below is the exercise of appellate jurisdiction. It can be nothing else. The District Court may. it is true, control inferior tribunals by the writs of mandamus, injunction, prohibition, &c., without proceeding to reverse or affirm their judgments. But without appellate jurisdiction the power to issue the writ of certiorari to bring eases before the District Court would be quite useless and nugatory; for when the court shall have brought a case before it by that writ, it cannot, without the exercise of appellate powers, proceed to revise the judgment. That would be to exercise the very power which is denied to the District Court, and consequently to transcend the limits of its constitutional authority.
Noth. — The Supreme Court of the United States has decided (hat the issuing of a mandamus when directed to a court, is tho exercise of appellate jurisdiction. C5 Pet. R., 193; 14 Pet. R., G08, G00-) And upon similar reasons it must, I apprehend, be held that the issuing of any writ which tho District Court may issue to exercise its “general superintendence and control” over inferior jurisdictions is also tho exercise of appellate jurisdiction. (12 Pet. It., 622; 4 Cr. R., 100-102; 3 Pet. R., 202; 7 Pot. R., 673; 14 Pet. R.. 021.) Hence the power to issue these writs must be an appellate power or, in other words, appellate jurisdiction.
Again, the words “superior” and “inferior,” when applied to courts, are in general descriptive of tho jurisdiction which they sustain in reference to each other, whether appellate or its correlative. Hence, when in reference to and as descriptive of their immediate relation to the District Courts others are called “inferior jurisdictions,” it is implied as strongly as if exproseod that the relation which the District Court sustains to those “ inferior jurisdictions” is that of a superior or an appellate court.
Note 7-1. — Thomerson v. The Slate, 8 T., 172.
Note 75.- — iiamman v. Lewis, 3iT., 474.
But what jurisdiction will the District Court exercise in revising the judgment of a justice of the peace brought before it by certiorari if it be not appellate jurisdiction? It certainly will not be original jurisdiction, for by the Constitution its original jurisdiction is limited to cases where the matter in controversy amounts to one hundred dollars. Has the District Court any other than original if it has not any appellate jurisdiction? Is it not a misapplication of terms to say that a court which has not appellate jurisdiction can in any manner revise or re-examine the proceedings of another court?
When in constituting the District Court, and in reference to its jurisdiction over inferior tribunals, the convention used the words “ a general superintendence and control,” they did not, I apprehend, use them in that narrow and limited sense which is synonymous with the mere control which a court may exert by the means of simply mandatory process, but they used these words in that broad and liberal and comprehensive sense which was understood and intended to confer upon that court general revisory or appellate powers over all inferior jurisdictions. This, to my mind, is so perfectly clear from the comprehensive powers conferred upon the District Court, and from the whole frame and structure of our judicial system, as not to require, nay, as scarcely to admit, of illustration.
And if the contemporaneous understanding and construction of every department of the Government and of the legal profession, both bench and bar, are entitled to weight in any case, or if there be any case in which Ihe'maxun of '■'•communis error facit jus’’’1 can have a proper application, this, it seems (o me, is that case. But I would not invoke that questionable maxim. The right I think clear upon principle. And if I ever thought it doubtful, I should feel it a duty to yield that doubt in favor of the constitutionality of the law, believing it a sound and safe rule, commended to our approval by (he authority of the most eminent judges and tiie most enlightened courts, not to declare a law unconstitutional unless it is clearly so. I propose, however, merely to state my opinion — not to argue the question.